NEWPORT & DAYTON T. P. Co. *v.* CONRAD HAHN, ETC.

**Pleadings—Answer Made no Issue—Cross-Petition.**

If no reply had been filed and a jury impaneled to inquire into the amount appellants were entitled to recover upon the counterclaim relied on, no evidence would have been admissible to show damage on account of the unscreened gravel, nor could a verdict have included liquidated damages as the answer and counter-claim did not raise the issue.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 12, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

Appellees, after setting out the terms of this contract with the turnpike company, allege that they had built the company's road from Tyler's creek bridge to Dayton under the supervision and instruction of their engineer; that the work amounted to

$6,924.62; that there had been paid to them $4,343, leaving due and unpaid a balance of $2,581.62, for which amount they prayed judgment.

Appellant denied that the work had been done according to contract, or that it had been received as completed. They denied that the work amounted to a greater sum than $5,743. They denied that the road was completed by the 1st of December, 1869, or that it was complete at the time that answer was filed.

They pointed out several defects as to fills, grading and drainage, and that portions of the road had been left without gravel. They claimed in general terms damages for $2,500.

Upon the trial no instructions touching the defenses relied on in the answer were asked for, and under the evidence the jury did not commit a palpable error in disregarding them.

Appellants insist, however, that they should have been allowed a set-off in a large amount on account of the appellee's using unscreened gravel on portions of the road instead of screened gravel as prescribed by contract. Also that by the contract they were entitled to liquidated damages at the rate of five dollars per day from the 1st of December, 1869, until the road was completed.

Neither of these alleged violations of appellee's contract are set up and relied on or even referred to in appellant's answer. If no reply had been filed it could not have been taken as confessed, in so far as these are concerned.

If no reply had been filed and a jury impaneled to inquire into the amount appellants were entitled to recover upon the counterclaim relied on, no evidence would have been admissible to show damages, on account of unscreened gravel having been used in a construction of the road, nor could a verdict have included these liquidated damages until the pleadings set out the number of days for which such damages were claimed. It is not necessary to determine whether or not the jury disregarded the instructions of the court.

Under the pleadings the verdict was correct, and the circuit judge properly overruled the motion for a new trial.

Judgment *affirmed*.

*Hallam, Carlisle, for appellant.*

*Baker, Hawkins, for appellee.*